COMMONWEALTH *vs.* JOHN S. KEEFE.

Middlesex. January 28. — 31, 1887. C. ALLEN & HOLMES, JJ., absent.

A complaint on the Pub. Sts. *c.* 100, § 17, alleging that the defendant, on a day named, at S., a city in which licenses of the first five classes for the sale of intoxicating liquors were not granted, "did bring into said city of S. intoxicating liquor, to wit, lager beer, with intent then and there in said S. to sell the same himself in violation of law," is sufficient.

A formal defect in a complaint cannot be availed of for the first time in the Superior Court on appeal.

COMPLAINT to the Police Court of Somerville, on the Pub. Sts. *c.* 100, § 17, alleging that the defendant, on September 13, 1886, at Somerville, " said Somerville being then and there a city in which licenses of the first five classes for the sale or for the exposure or keeping for sale of spirituous or intoxicating liquors are not granted, did bring into said city of Somerville intoxicating liquor, to wit, lager beer, with intent then and there in said Somerville to sell the same himself in violation of law, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, on appeal, before the jury were empanelled, the defendant moved to quash the complaint, because it did not set forth any offence known to the law, and did not follow, in substance, the Pub. Sts. *c.* 100, § 17. *Thompson*, J., overruled the motion. The defendant then entered a plea of *nolo contendere*, which was accepted by the government; and alleged exceptions.

*D. F. Crane*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The motion to quash was rightly overruled. The allegation in the complaint, that the defendant " did bring into said city of Somerville intoxicating liquor, to wit, lager beer, with intent then and there in said Somerville to sell the same himself in violation of law," *ex vi termini*, imports that he was not transporting the liquor through the city to a place beyond. The complaint gives a complete definition of the offence, and is sufficient. Besides, the objection is formal, and could not be made for the first time in the Superior Court. *Commonwealth* v. *Doherty*, 116 Mass. 13.

*Exceptions overruled.*